# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ELIZABETH A.,[1] | : | Case No. 2:22-cv-02313 |
| Plaintiff, | : : | Magistrate Judge Caroline H. Gentry |
| vs. | : : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : : | |
| Defendant. | : | |

## DECISION AND ORDER

Plaintiff filed an application for Disability Insurance Benefits in July 2019. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because Plaintiff was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. For the reasons set forth below, the Court

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

**OVERRULES** Plaintiff's Statement of Errors and **AFFIRMS** the Commissioner's decision.

I.     BACKGROUND

Plaintiff asserts that she has been under a disability since December 1, 2015. At that time, Plaintiff was forty-three years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c). Plaintiff has at least a high-school education. *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the Administrative Record ("AR," Doc. No. 8-1 to 8-8) is summarized in the ALJ's decision (Doc. No. 8-2, PageID 91), Plaintiff's Statement of Errors ("SE," Doc. No. 10), the Commissioner's Memorandum in Opposition ("Mem. In Opp.," Doc. No. 11), and Plaintiff's Reply Memorandum ("Reply," Doc. No. 13). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

II.     STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the

ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

### III. FACTS

#### A. The ALJ's Factual Findings

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

Step 1: Plaintiff has not engaged in substantial gainful activity since December 20, 2017, the alleged onset date.

Step 2: Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; remote left-shoulder rotator cuff tear; degenerative joint disease of the bilateral knees; obesity; fibromyalgia; systemic lupus erythematosus; gout; inflammatory bowel disease; endometrial cancer; depression; and anxiety.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Plaintiff's residual functional capacity, or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work subject to the following exceptions: Plaintiff can sit for up to six hours; Plaintiff can stand or walk for up to four hours in an eight-hour period; Plaintiff must be allowed to prop her feet up three to five inches; Plaintiff can only frequently, as opposed to continuously, reach forward, laterally, and overhead with her left upper extremity; Plaintiff can frequently push, pull, and use foot controls with her bilateral lower extremities; Plaintiff can only frequently balance and stoop; Plaintiff can only occasionally crouch and climb ramps and stairs; Plaintiff can never kneel, crawl, or climb ladders, ropes, or scaffolds; Plaintiff must avoid using moving, hazardous, or heavy machinery; Plaintiff must avoid exposure to unprotected heights; Plaintiff can perform only simple, routine tasks; changes to Plaintiff's work must be introduced slowly; Plaintiff should not be assigned strict, high-production quotas; Plaintiff is limited to no more than frequent and superficial interactions with supervisors, coworkers, and the public; and Plaintiff is expected to be off-task for 7% of the workday.

Plaintiff is unable to perform any of her past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(AR, Doc. No. 8-2, PageID 71-90.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and therefore is not entitled to benefits. (*Id.* at PageID 90.)

### B. The ALJ's Analysis

The ALJ considered opinions from several medical professionals, including primary care physician Courtney Bonner, D.O.; physical therapist Marcus Jones; and

counselor Kristin Rinehart, MSW, LISW-S. Each of them completed a checkbox form that prompted the provider to estimate Plaintiff's limitations in employment-related areas. (AR, Doc. No. 8-7, PageID 765-67, 925-29.) As summarized in the ALJ's decision (Doc. No. 8-2, PageID 108-10), each of them opined that Plaintiff had significant functional limitations that precluded employment.

The ALJ concluded that Dr. Bonner's and Mr. Jones' opinions regarding Plaintiff's physical limitations were unpersuasive "because [they were] inconsistent with the medical evidence and the record as a whole, including the claimant's history of treatment, the objective medical studies, and the clinical examination findings." (*Id*. at PageID 108-09.) The ALJ similarly concluded that Ms. Rinehart's opinion regarding Plaintiff's mental limitations was inconsistent and unpersuasive. (*Id*. at PageID 109.)

The ALJ also concluded that all three opinions were unsupported. The ALJ found that Dr. Bonner's treatment notes did not support "the rather extreme degree of limitation she proposed" and suggested that Dr. Bonner was unduly influenced by Plaintiff's subjective complaints. (*Id*.) The ALJ found that there was no evidence that Mr. Jones had personally treated or evaluated Plaintiff, and further found that "even if Mr. Jones did evaluate the claimant, the absence of any treatment notes or examination findings renders the rather extreme degree of limitation he proposed in his opinion unsupported." (*Id*.) Finally, the ALJ found that Ms. Rinehart's treatment notes "[did] not contain sufficient narrative statements or mental status examination findings to provide a corroborative basis for the extreme degree of limitation she proposed." (*Id*. at PageID 110.)

6

IV.     LAW AND ANALYSIS

    A.     **Plaintiff's Assignment of Error**

Plaintiff contends that the ALJ erred by "violat[ing] 20 C.F.R. § 404.1520c during his evaluation of the various medical opinions of record." (SSE, Doc. No. 10, PageID 989.) Specifically, Plaintiff argues that the ALJ violated the articulation requirement of 20 C.F.R. § 404.1520c(b)(2) when considering the opinions of Dr. Bonner, Mr. Jones, and Ms. Rinehart. Although Plaintiff concedes that the ALJ "chanted the magic words of support and consistency throughout [his] decision," she contends that his consideration of these factors was cursory and constitutes reversible error. (*Id*. at PageID 991.) Defendant argues that the ALJ fully justified his supportability and consistency determinations with citations to evidence in the record. (*E.g.*, Mem. in Opp., Doc. No. 11, PageID 1003.) Defendant argues that "[Plaintiff's] arguments are nothing more than a request that this Court reweigh the evidence in the record and, therefore, must fail." (*Id*. at PageID 1002.)

For the reasons set forth below, the Court agrees with Defendant and finds that Plaintiff's Statement of Errors is not well-taken. Accordingly, the Court affirms the decision of the Commissioner.

    B.     **Applicable Law**

ALJs are required to analyze the persuasiveness of "*all* of the medical opinions" in the record. 20 C.F.R. § 404.1520c (emphasis added). A "medical opinion" is a "statement from a medical source about what [an individual] can still do despite [his] impairment(s)" and whether the individual has one or more impairment-related limitations or restrictions. 20 C.F.R. § 404.1513(a)(2). By contrast, a statement from a medical source about an

7

issue reserved to the Commissioner—such as whether an individual is disabled—need not be addressed by the ALJ. 20 C.F.R. § 404.1520b(c)(3).

Because Plaintiff filed her claim after March 27, 2017, the new regulations for evaluating medical opinion evidence applied. Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c).

The first two factors—supportability and consistency—are the "most important." 20 C.F.R. § 404.1520c(b)(2) (emphasis added). As to the first factor (supportability), "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). As to the second factor (consistency), "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2). In other words, supportability addresses whether a medical professional has sufficient justification for their *own* conclusions. *See Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022) (Preston Deavers, M.J.). Consistency, by

8

contrast, requires the ALJ to compare the medical opinion at issue to "*other* medical and nonmedical sources." *Ford v. Comm'r of Soc. Sec.*, No. 1:22-CV-00524, 2023 WL 2088157, at *17 (N.D. Ohio Jan. 31, 2023).

Because they are the most important factors, the ALJ is required not only to consider the supportability and consistency of all medical opinions in the record, but also to "explain *how* he or she considered them."[2] *Dayna S. v. Comm'r of Soc. Sec.*, 3:21-CV-00326, 2023 WL 2009135, at *5 (S.D. Ohio Feb. 15, 2023) (Gentry, M.J.) (citing to 20 C.F.R. § 404.1520c(b)(2) (internal punctuation omitted and emphasis added)). No "specific level of detail" is required, as "the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-CV-03834, 2023 WL 3764304, at *7 (S.D. Ohio June 1, 2023) (Bowman, M.J.) (internal citations omitted). Thus, ALJs need not use "magic words or any specific phrasing" to comply with the applicable regulations. *Id*.

Nevertheless, an ALJ is required "to show his or her work." *Scott K. v. Comm'r of Soc. Sec.*, No. 3:21-CV-00129, 2022 WL 4484603, at *4 (S.D. Ohio Sept. 27, 2022) (Silvain, M.J.) (internal citation omitted). Thus, "[t]his Court cannot uphold an ALJ's decision, even if there if there is enough evidence in the record to support the decision, where the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (cleaned up) (internal quotations and citation omitted). *See also Danyel P. v.*

---

[2] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

*Comm'r of Soc. Sec.*, No. 2:21-CV-02405, 2022 WL 1514170, at *6 (S.D. Ohio May 13, 2022) (Preston Deavers, M.J.) (ALJ's "inexplicable and illogical consistency" warranted remand); *Kimberly S. v. Comm'r of Soc. Sec.*, No. 3:21-CV-00310, 2022 WL 17820565, at *3 (S.D. Ohio Dec. 20, 2022) (Silvain, M.J.) (ALJs must "provide a coherent explanation of [their] reasoning . . . in order to provide sufficient rationale for a reviewing adjudicator or court"); *Hardiman v. Comm'r of Soc. Sec.*, No. 2:12-CV-00508, 2013 WL 3762266, at *5 (S.D. Ohio July 16, 2013) (Preston Deavers, M.J.) (remanding case on the ground that "the ALJ's decision is internally inconsistent and incomplete").

### C. The ALJ Did Not Err In His Analysis Of Dr. Bonner's Opinion.

Dr. Bonner's Medical Source Statement consisted primarily of checkboxes with a few handwritten comments. (AR, Doc. 8-7, PageID 765-77.) Dr. Bonner opined that Plaintiff could never lift or carry any amount of weight; could rarely reach; could occasionally handle; and could rarely use her fingers. (*Id*. at PageID 765-66.) Dr. Bonner explained the latter restriction by stating that Plaintiff experienced cramping in the fingers of her right hand and pain in the fingers of her left hand. (*Id*.) Dr. Bonner opined that Plaintiff could sit and stand for ten minutes at a time and less than two hours total; could walk for five minutes at a time and less than two hours total; and could never reach above shoulder level, bend, crouch, squat, crawl, climb steps, or climb ladders. (*Id*. at PageID 766.) She did not explain these restrictions. Dr. Bonner opined that Plaintiff's condition would deteriorate under work-related stress due to "increased pain throughout body," and further opined that Plaintiff "needs to change position frequently." (*Id*.) Dr. Bonner opined that Plaintiff would likely be absent from work for two or more days per

month. (*Id*. at PageID 767.) Dr. Bonner based her opinions upon diagnoses of systemic lupus, fibromyalgia, endometria malignancy, Type 2 diabetes mellitus, generalized arthritis, morbid obesity, major depression, sciatica, and psoriatic dermatitis. (*Id*.)

The ALJ found Dr. Bonner's opinion unpersuasive because it was inconsistent with Plaintiff's "history of treatment, the objective medical studies, and the clinical examination findings, as discussed above." (AR, Doc. 8-2, PageID 108-09.) Earlier in his decision, the ALJ noted clinical examination findings that included normal range of motion of the spine, knees and hands. (*Id*. at PageID 101.) The ALJ noted objective medical studies that showed no significant arthritic changes of the wrists, hands or hips, mild degenerative joint disease of the shoulders, and mild-to-moderate degenerative joint disease of the shoulders. (*Id*. at PageID 102.) The ALJ also noted that Plaintiff did not pursue treatment of her pain complaints for more than one year. (*Id*. at PageID 101.)

The ALJ also found Dr. Bonner's opinion unpersuasive because she relied heavily upon Plaintiff's self-reported subjective complaints and "there exist good reasons for questioning the consistency of the [Plaintiff's] subjective complaints." (AR, Doc. 8-2, PageID 109.) For example, Plaintiff reported significant side effects of her medications to the Social Security Administration but not to her treating providers, and in fact informed some of her providers that she was not experiencing side effects. (*Id*. at PageID 102, 105.) Plaintiff complained of pain but declined referrals to pain management specialists on at least two occasions. (*Id*.) Although Plaintiff stated that she could not afford to be treated for pain, she did not pursue any low-income health care options and was able to afford treatment from other specialists. (*Id*. at PageID 106-07.) Plaintiff also reported

11

extreme limitations on her activities of daily living that were inconsistent with her self-reported activities, including driving and walking her dog. (*Id*. at PageID 107.) Finding that the evidence did not corroborate Plaintiff's self-reported symptoms, the ALJ concluded that her "description of constant severe pain and fatigue has been so extreme as to appear implausible in light of her history of treatment, the objective imaging studies, and the clinical examination findings detailed above." (*Id*. at PageID 106.)

The ALJ also found Dr. Bonner's opinion to be unsupported by her own treatment notes, as they "do not contain sufficient narrative statements or clinical examination findings to provide a corroborative basis for the rather extreme degree of limitation she proposed." (AR, Doc. 8-2, PageID 109.) For example, the ALJ noted that Dr. Bonner did not identify any upper extremity limitations "that would render [Plaintiff] completely unable to lift any amount of weight." (*Id*.) For this reason, too, the ALJ found Dr. Bonner's opinion to be unpersuasive.

The Court concludes that the ALJ's explanation of the supportability and consistency factors satisfies the articulation requirement of 20 C.F.R. § 404.1520c. The ALJ identified evidence that was inconsistent with Dr. Bonner's opinion, explained why Dr. Bonner's notes did not support her opinion, and showed his work by referring back to his earlier analysis of the medical records. *See Garza v. Comm'r of Soc. Sec.*, No. 1:14-CV-1150, 2015 WL 8922011, at *4 (W.D. Mich. Nov. 25, 2015) ("[T]he ALJ's failure to provide detailed analysis [at one stage of his decision] is not a basis for relief if the ALJ 'made sufficient factual findings elsewhere in his decision . . . ' There is 'no need to

require the ALJ to spell out every fact a second time." (quoting *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 365-66 (6th Cir. 2014))).

Plaintiff argues that the ALJ erred by failing to discuss a letter in which Dr. Bonner opined that "due to her medical problems[, Plaintiff] is mentally and physically disabled to work in any productive work capacity." (SSE, Doc. No. 10, PageID 994 (quoting AR, Doc. No. 8-7, PageID 924).) However, the determination of whether an applicant is disabled is reserved to the Commissioner. 20 C.F.R. § 404.1520b(c)(3). Therefore, the ALJ was not required to consider Dr. Bonner's statement on the issue.

Plaintiff further argues that the ALJ erred by discounting Dr. Bonner's status as her primary-care physician. (SSE, Doc. No. 10, PageID 994.) But because Plaintiff filed her claim after March 27, 2017, the ALJ was not permitted to defer to Dr. Bonner's status as Plaintiff's primary-care physician. 20 C.F.R. § 404.1520c(a). *See Herndon v. Comm'r of Soc. Sec.*, No. 20-6094, 2021 U.S. App. LEXIS 15178, at *14, n. 4 (6th Cir. May 20, 2021) ("For claims filed after March 27, 2017, the 'treating physician rule' no longer applies. Rather, the persuasive value of any medical source opinion is weighed by its 'supportability' and 'consistency.'"). Thus, the ALJ did not err by failing to defer to Dr. Bonner's status as a treating physician.

Finally, Plaintiff argues that the ALJ erred because "[t]he record as a whole contained evidence consistent with Dr. Bonner's opinions." (SSE, Doc. No. 10, PageID 993.) Although this may be true, it does not fall to this Court to determine whether the record *might* have supported a different conclusion. This Court is not permitted to re-weigh the evidence or substitute its own judgment for that of the Commissioner. Because

13

the ALJ complied with the regulation when analyzing the persuasiveness of Dr. Bonner's opinion, the Court overrules Plaintiff's assignment of error with respect to Dr. Bonner.

### C. The ALJ Did Not Err In His Analysis Of Mr. Jones' Opinion.

Physical therapist Marcus Jones completed a checkbox form in which he appeared to base his opinions largely upon Plaintiff's self-reported pain complaints and limitations. (AR, Doc. 8-7, PageID 928-29.) Mr. Jones opined that Plaintiff could not lift any amount of weight and could not use her hands for repetitive grasping, pushing, pulling, or fine manipulation. (*Id*. at PageID 928.) Mr. Jones opined that Plaintiff could sit/stand for ten to fifteen minutes at a time and two hours total, and could walk for less than five minutes at a time and less than one hour total. (*Id*.) He opined that Plaintiff could never bend, squat, crawl, climb ladders, or reach above shoulder level, and could rarely climb steps. (*Id*. at PageID 929.) Mr. Jones explained his opinions with a handwritten note:

> "Reports today overall is a bad day: [illegible] shoulders, LBP [lower back pain], and the left hip. Reports left hip is sharp stabbing. Pain in hands. Pain noted walking from car to gym. Frequent moving during sitting, bending required. [Illegible] standing back up. Squats overall unsafe, hands or table to help become erect. Pain in hands/shoulder when had [patient] carry 1 lb. weight. [Illegible] unable to get down/up, unsafe. [Patient] sometimes drives difficulty using pedals unless someone is with her. Ladder unsafe. Overall, concerns with dizziness noted. Simple grasping caused mid back pain and the pain caused increased pain breathing. Standing caused stomach pain. Stairs needed [illegible] from rail, [patient] required to sideways one step at a time. Pain stopped fine manipulation.

(AR, Doc. 8-7, PageID 929.)

The ALJ explained that he found Mr. Jones' opinion unpersuasive because it was inconsistent with Plaintiff's "history of treatment, the objective medical studies, and the clinical examination findings, as discussed above." (AR, Doc. 8-2, PageID 109.) The ALJ

14

also found that Mr. Jones relied heavily upon Plaintiff's subjective complaints and, "[a]s discussed above . . . there exist good reasons for questioning the constancy [sic] of [Plaintiff's subjective complaints." (*Id.*) Thus, the ALJ's explanation of the consistency factor was virtually identical for Dr. Bonner and Mr. Jones. For the reasons stated in the Court's discussion of Dr. Bonner's opinion, the ALJ's explanation of the consistency factor is sufficient to satisfy the articulation requirement of 20 C.F.R. § 404.1520c with respect to his analysis of Mr. Jones' opinion.

The ALJ also found that Mr. Jones' opinion was unsupported by "any treatment notes or examination findings." (AR, Doc. 8-2, PageID 109.) Indeed, the ALJ noted that "the record does not contain any direct evidence other than this form to establish that Mr. Jones has actually treated or evaluated [Plaintiff] such that he would have a basis to formulate an opinion . . . ." (*Id.*) Notably, "[t]he fact that a medical source's opinion is based primarily on a claimant's subjective complaints and reported symptoms is an adequate basis for discounting the supportability of the opinion." *Hutchison v. Kijakazi*, No. 3:21-CV-211, 2022 WL 4388285, at *6 (E.D. Tenn. Sept. 22, 2022). The Court concludes that the ALJ's explanation is sufficient to satisfy the articulation requirement of 20 C.F.R. § 404.1520c with respect to the supportability factor.

Plaintiff argues that the ALJ erred by failing to acknowledge that Dr. Bonner's and Mr. Jones' opinions were consistent with each other when he considered whether those opinions were persuasive. (SSE, Doc. No. 10, PageID 996.) But "there is a distinction between what an ALJ must consider and what an ALJ must cite to in a written decision." *Swartz v. Comm'r of Soc. Sec.*, No. 1:10-CV-00605, 2011 WL 4571877, at *7 (S.D. Ohio

15

Aug. 18, 2011) (Bowman, M.J.). Although the regulations require ALJs to consider every medical opinion on record, they do not require ALJs to "articulate whether the opinion was consistent with each and every piece of evidence in the record." *Simpson v. Comm'r of Soc. Sec.*, No. 1:20-CV-2767, 2021 WL 8342840, at *8 (N.D. Ohio Nov. 30, 2021). *See Hawk v. Comm'r of Soc. Sec.*, No. 1:20-CV-00081, 2021 WL 320739, at *7 (S.D. Ohio Feb. 1, 2021) (Bowman, M.J.) (collecting cases). Therefore, the Court concludes that the ALJ did not err by failing to discuss the consistency of Dr. Bonner's and Mr. Jones' opinions with each other.

### D. The ALJ Did Not Err In His Analysis Of Ms. Rinehart's Opinion.

Social worker Kristin Rinehart treated Plaintiff for depression and anxiety. Ms. Rinehart completed a checkbox form in which she opined that Plaintiff was extremely limited in her abilities to perform at production levels expected by most employers; to behave predictably, reliably and in an emotionally stable manner; and to tolerate customary work pressures. (AR, Doc. 8-7, PageID 926-27.) Ms. Rinehart opined that Plaintiff was moderately impaired in her abilities to accept instruction from or respond appropriately to criticism from supervisors; to work in coordination with or proximity to others without being distracted by them, distracting them or exhibiting behavioral extremes; to respond appropriately to co-workers or peers; to relate to the general public and maintain socially appropriate behavior; to maintain attention and concentration for more than brief periods of time; to respond appropriately to changes in work setting; to remember locations, workday procedures and instructions; to be aware of normal hazards and take necessary precautions; and to maintain personal appearance and hygiene. (*Id*. at

16

PageID 925-27.) Ms. Rinehart opined that Plaintiff was mildly impaired in her abilities to process subjective information accurately and to use appropriate judgment; and to carry through instructions and complete tasks independently. (*Id*. at PageID 926-27.) Ms. Rinehart opined that Plaintiff would likely be absent for two or more days per month. (*Id*. at PageID 927.) She opined that Plaintiff's condition would deteriorate under work-related stress due to "poor coping under stress that has not changed w[ith] counseling or medication." (*Id*.) In Ms. Rinehart's opinion, the only area in which Plaintiff was not impaired was the ability to manage her own funds. (*Id*.)

The ALJ explained that he found Ms. Rinehart's opinion unpersuasive "because the degree of limitation she proposed is inconsistent with the medical evidence and the record as a whole, including [Plaintiff's] history of mental health treatment and the mental status examination findings, as discussed above." (AR, Doc. 8-2, PageID 110.) Earlier in the decision, the ALJ summarized various treatment notes and concluded that Plaintiff's "treating and examining providers have generally observed that she has presented as alert, oriented, cooperative, and responsive with appropriate behavior, normal psychomotor activity, good eye contact, normal speech, goal-directed thought processes, normal thought content, intact concentration, intact memory, fair insight [and] fair judgment . . . ." (*Id*. at PageID 106.) The ALJ further noted that despite Plaintiff's complaints of depression and anxiety, she has "consistently declined to make any changes to her medications." (*Id*.) The ALJ's explanation is sufficient to satisfy the articulation requirement of 20 C.F.R. § 404.1520c with respect to the consistency factor.

17

The ALJ also concluded that Ms. Rinehart's opinion was inconsistent with (i.e., not supported by) her treatment notes, in which she recorded her clinical findings that Plaintiff generally was "alert, oriented, and responsive with appropriate behavior, good eye contact, normal speech, goal-directed thought processes, age-appropriate insight, and age-appropriate judgment." (AR, Doc. 8-2, PageID 110.) This explanation satisfies the articulation requirement of 20 C.F.R. § 404.1520c with respect to supportability.

Plaintiff argues that the ALJ erred by failing to Ms. Rinehart's letter opinion that Plaintiff is "unable to work due to her symptoms." (SSE, Doc. No. 10, PageID 997 (citing AR, Doc. No. 8-7, PageID 768).) But since the determination of whether an applicant is disabled is reserved to the Commissioner, the ALJ was not required to consider Ms. Rinehart's statement on this issue. 20 C.F.R. § 404.1520b(c)(3).

Finally, Plaintiff incorrectly argues that "[t]he ALJ failed to point to anything in Ms. Rinehart's notes that actually contradicted her opinions." (SSE, Doc. No. 10, PageID 998.) In fact, the ALJ described Ms. Rinehart's clinical findings that Plaintiff "presented as alert, oriented, and responsive with appropriate behavior, good eye contact, normal speech, goal-directed thought processes, age-appropriate insight, and age-appropriate judgment." (AR, Doc. No. 8-2, PageID 110) These findings contradict Ms. Rinehart's opinions that Plaintiff would experience the extreme and moderate impairments identified on the checkbox form, including the "ability to behave predictably, reliably[,] and in an emotionally stable manner." (AR, Doc. No. 8-7, PageID 926.)

In sum, the Court finds no error in the ALJ's analysis of Ms. Rinehart's opinion.

18

## VI. CONCLUSION

For the reasons discussed above, the ALJ properly applied the governing legal framework and sufficiently articulated his analysis of the supportability and consistency factors as required by 20 C.F.R. § 404.1520c. Accordingly, Plaintiff's Statement of Errors lacks merit.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. No. 10) is **OVERRULED**;

2. The Court **AFFIRMS** the Commissioner's non-disability determination; and

3. The case is terminated on the Court's docket.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge